Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
sweerasuriya@toddflaw.com

*Attorneys for Plaintiff, PHILLIP TRISDALE*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP TRISDALE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCHANT ACCOUNT SOLUTIONS LLC, INTERNATIONAL CARD SERVICES, LLC, and DOES, 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.);<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.); and<br><br>**Jury Trial Demanded** |

Plaintiff PHILLIP TRISDALE ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant MERCHANT ACCOUNT SOLUTIONS LLC, INTERNATIONAL CARD SERVICES, LLC (hereinafter "Defendant") to stop Defendant's practice of falsely advertising that it will provide services that it has no intention to provide and for redress for a nationwide class of consumers ("Nationwide Class Members") and California class consumers ("California Sub-Class Members"), collectively, "Class Members," who were charged fees that were greater than those advertised by Defendant for Defendant's services and products.

2. Defendant is a California limited liability company and is engaged in the business of providing credit and debit payment processing and related services and products with its headquarters and principle place of business in California.

3. Defendant represents that it will provide its services and products at a fee, or in some cases, for free, when it in fact charges significantly higher fees.

4. Plaintiff and others similarly situated received these services and products from Defendant and were charged at a higher fee than Defendant represented to them.

5. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that they would charge a particular fee when in fact they did not and had no intention to do so.

6. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase Defendant's services and products, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its agents and employees. In so doing, Defendant has violated California consumer protection statutes.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

7. Consumers purchase credit and debit processing services and products ("services") from Defendant, which Defendant advertises as having particular fees or no fees.

8. Consumers rely on the representations and advertisements in order to know which services to purchase.

9. Consumers pay for the services by paying monthly fees, many of which are not disclosed in Defendant's advertising.

10. Defendant profits from the sale of these services. Without Defendant's representations, many of the consumers would not have purchased these services.

11. Defendant makes no attempt to limit fees to those it represents.

12. The aforementioned representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

13. Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of services for invalid fees to consumers in California and Nationwide.

14. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the services for false fees and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

15. This class action is brought pursuant to Federal Rule of Civil Procedure 23.

16. This matter is properly venued in the United States District Court for

the Eastern District of California. Defendant is domiciled in California, and a substantial portion of the events giving rise to Defendant's liability took place in the Eastern District of California.

17. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

18. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

19. Plaintiff PHILLIP TRISDALE is a citizen and resident of the State of California, Shasta County.

20. Defendant MERCHANT ACCOUNT SOLUTIONS LLC, AKA INTERNATIONAL CARD SERVICES, LLC is a California company headquartered in Ventura County.

21. Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter, were created by Defendant at its headquarters in California, and were disseminated from California, nationwide.

22. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of services are governed by the controlling law of California.

23. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

24. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

25. At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

26. In early August 2015, Plaintiff entered into an agreement with Defendant whereby Plaintiff agreed to use Defendant's services at a monthly fee of around $9.95.

27. Defendant advertised their monthly fee for processing retail, face-to-face, mail, and phone transactions as $7.95. Furthermore, Defendant advertised along with this $7.95 monthly fee a 1.59% discount rate for use of various credit types of credit cards.

28. The true monthly fee was upwards of $25 per month.

29. At the time Plaintiff and Defendant, through Defendant's agent or employee, entered an agreement for services, no mention was made of early cancellation fees, equipment fees, or software fees.

30. On or around August 18, 2015, approximately two weeks after Plaintiff purchased Defendant's services, Plaintiff received Defendant's terms and conditions and a statement of fees. Included and not limited to in the terms and conditions, but neither included in the advertisement nor disclosed to Plaintiff at the time Plaintiff purchased Defendant's services, were obligations to incur at least $25 in fees, cancelation fees of up to $500, and a three year, unilateral obligation binding Plaintiff while giving Defendant the right to cancel at any time without cause.

31. The true terms and conditions of Defendant's services could not have been discovered by Plaintiff prior to purchasing Defendant's services.

32. Plaintiff continued to uphold his end of the agreement by continuing to make payments, through an automatic payment system set up between Plaintiff and an agent of Defendant.

33. However, upon discovering inconspicuous fees and being charged more than what Plaintiff agreed to in fees, Plaintiff discontinued his use of Defendant's services.

34. Subsequently, Defendant continued to charge Plaintiff the invalid $25 monthly fee. Furthermore, Defendant charged Plaintiff a $25 late payment fee.

35. Such fees and penalties were concealed from Plaintiff at the time Plaintiff purchased Defendant's services.

36. Sales tactics used by Defendant rely on falsities and have a tendency to mislead and deceive a reasonable purchaser.

37. Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead purchasers and incentivize them to purchase Defendant's services.

38. In paying the fees, Plaintiff relied upon Defendant's representations.

39. Plaintiff would not have paid the fees if he knew that the above-

referenced statements made by Defendant were false.

40. Had Defendant properly marketed, advertised, and represented the fees, Plaintiff would not have purchased Defendant's services.

41. Plaintiff gave his money to Defendant because of the representations of Defendant. Defendant benefited from falsely representing the number of fees and amount thereof. Plaintiff received nothing for giving his money to Defendant. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

42. Had Defendant properly marketed, advertised, and represented the fees as having the correct and true fee scale, no reasonable purchaser of Defendant's services would have been misled as to the actual fees incurred by making such purchases.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a class and sub-class, collectively referred to as "The Classes".

44. Plaintiff seeks to represent a nationwide class (the "Nationwide Class") defined as follows:

> All purchasers in the United States of America, who, between the applicable statute of limitations and the present, were charged undisclosed fees and fees that were higher than advertised.

45. As used herein, the term "Nationwide Class Members" shall mean and refer to the members of the Class described above.

46. Plaintiff seeks to represent a statewide class (the "California Sub-Class") defined as follows:

> All purchasers in the State of California, who, between the applicable statute of limitations and the present, were

charged undisclosed fees and fees that were higher than advertised

47. As used herein, the term "Sub-Class Members" shall mean and refer to the members of the Sub-Class described above.

48. Excluded from the Classes are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

49. Plaintiff reserves the right to amend the Classes and to add additional subclasses if discovery and further investigation reveals such action is warranted.

50. Upon information and belief, the proposed Classes are composed of thousands of persons. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical.

51. No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class Members and Defendant.

52. Rather, all claims in this matter arise from the identical, false, affirmative written or oral statements that the services would be provided for Class Members when in fact, such representations were false.

53. There are common questions of law and fact as to the Nationwide Class Members that predominate over questions affecting only individual members, including but not limited to:

   (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in charging higher fees than advertised and undisclosed fees to Plaintiff and other Nationwide Class Members;

   (b) Whether Defendant made misrepresentations with respect to the higher fees and undisclosed fees charged to purchasers;

   (c) Whether Defendant profited from the sale of the services;

   (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;

   (e) Whether Plaintiff and Nationwide Class Members are entitled to equitable and/or injunctive relief;

  (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Nationwide Class Members; and

  (g) The method of calculation and extent of damages for Plaintiff and Nationwide Class Members.

54. There are common questions of law and fact as to the Sub-Class Members that predominate over questions affecting only individual members, including but not limited to:

  (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in charging higher fees than advertised and undisclosed fees to Plaintiff and other Sub-Class Members;

  (b) Whether Defendant made misrepresentations with respect to the higher fees and undisclosed fees charged to purchasers;

  (c) Whether Defendant profited from the sale of the services;

  (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;

  (e) Whether Plaintiff and Sub-Class Members are entitled to equitable and/or injunctive relief;

  (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Sub-Class Members; and

  (g) The method of calculation and extent of damages for Plaintiff and Sub-Class Members.

55. Plaintiff is a member of the Nationwide Class he seeks to represent.

56. Plaintiff is a member of the California Sub-Class he seeks to represent.

57. The claims of Plaintiff are not only typical of all Class Members, they are identical.

58. All claims of Plaintiff and the Nationwide Class are based on the exact same legal theories.

59. All claims of Plaintiff and the California Sub-Class are based on the exact same legal theories.

60. Plaintiff has no interest antagonistic to, or in conflict with, the

Classes.

61. Plaintiff is qualified to and will fairly and adequately protect the interests of all Class Members because Plaintiff paid higher fees and incurred inconspicuous cancellation fees from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

62. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent himself and the Classes.

63. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

## On Behalf of the Class and the California Sub-Class

64. Plaintiff incorporates by reference each allegation set forth above.

65. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

66. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading

written statements.

67. Defendant misled purchasers by making misrepresentations and untrue statements about fees, namely that Defendant would charge only the fee advertised fully knowing and intending not to charge significant more and higher fees, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

68. Specifically, Defendant explicitly stated that the monthly fee would be lower than what it actually charged.

69. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable purchasers like Plaintiff and other Class Members.

70. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations regarding the fees. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the services. In turn Plaintiff and other Class Members ended up with services that turned out to actually cost more than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

71. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

72. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the fees would be lower than the amount charged.

73. Defendant knew that the fees was in fact higher.

74. Thus, Defendant knowingly charged higher fee rates to Plaintiff and other putative Class Members.

75. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

## On Behalf of the Class and the California Sub-Class

76. Plaintiff incorporates by reference each allegation set forth above.

77. Actions for relief under California's Unfair Competition Law ("UCL") may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

78. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

79. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

80. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and Class Members. Plaintiff and Class Members have suffered injury in fact due to Defendant's decision to charge them falsely described fees. Thus, Defendant's conduct has caused substantial injury to Plaintiff and Class Members.

81. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit to purchasers. Such deception utilized by Defendant convinced Plaintiff and Class Members that fees were lower than advertised in order to induce Plaintiff and Class Members to purchase services. In fact, knowing that fees were higher for Plaintiff and other putative Class Members, Defendant unfairly profited. Thus, the injury suffered by Plaintiff and Class

Members is not outweighed by any countervailing benefits to consumers.

82. Finally, the injury suffered by Plaintiff and Class Members is not an injury that these purchasers could reasonably have avoided. Defendant failed to take reasonable steps to inform Plaintiff and class members that the advertised fees were inaccurate or misleading, including failing to provide a reasonable, realistic opportunity to Plaintiff and Class Members to read and review the accurate fees provided with the higher fees prior to purchase. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to pay higher fees. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

83. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

84. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

85. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

86. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff paid a higher monthly fee under the basic assumption that it would lower. Defendant had stated, through its advertisements, agents, or employees, that fees would be lower than the amount

charged. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

87. As explained above, Defendant deceived Plaintiff and other Class Members by representing a lower fee than what was in fact charged.

88. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

89. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

90. As explained above, Defendant deceived Plaintiff and other Class Members by representing a lower fee and omitting other fees.

91. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to charge fees higher than advertised, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed, or misrepresented the fees, Plaintiff and Class Members would not have paid the higher fees. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

92. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

93. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code Section 17203, Plaintiff and Class

Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

94. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

95. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

96. Plaintiff, on behalf of himself and the Class, requests the following relief:

    (a) An order certifying the Classes and appointing Plaintiff as Representative of the Classes;

    (b) An order certifying the undersigned counsel as Classes Counsel;

    (c) An order requiring MERCHANT ACCOUNT SOLUTIONS LLC, INTERNATIONAL CARD SERVICES, LLC, at its own cost, to notify all Classes Members of the unlawful and deceptive conduct herein;

    (d) An order requiring MERCHANT ACCOUNT SOLUTIONS LLC, INTERNATIONAL CARD SERVICES, LLC to engage in corrective advertising regarding the conduct discussed above;

    (e) Actual damages suffered by Plaintiff and Classes Members as applicable or full restitution of all funds acquired from Plaintiff and Classes Members from the charging invalid fees during the

relevant class period;

    (f)    Punitive damages, as allowable, in an amount determined by the Court or jury;

    (g)    Any and all statutory enhanced damages;

    (h)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

    (i)    Pre- and post-judgment interest; and

    (j)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  October 10, 2016    Respectfully submitted,

    LAW OFFICES OF TODD M. FRIEDMAN , PC

    By: /s Todd. M. Friedman
    TODD M. FRIEDMAN, ESQ.
    Attorney for Plaintiff PHILLIP TRISDALE